UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOE I, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>　　　　　Defendants. | Case No. 20-cv-07517-BLF<br><br>**ORDER OVERRULING OBJECTION TO COMPLETENESS OF THE ADMINISTRATIVE RECORD**<br><br>[Re: ECF No. 56] |

This is an immigration mandamus case brought under the Administrative Procedure Act. Plaintiffs Does I-IV have filed renewed objections to the completeness of the administrative record. *See* ECF No. 56 ("Obj."). The Government urges the Court to overrule the objections, contending that Plaintiffs misstate the legal standard and that, under the proper standard, the administrative record is complete. ECF No. 58 ("Opp."). For the reasons stated below, the Court OVERRULES Plaintiffs' objections and DIRECTS the Parties to submit a stipulated schedule for summary judgment briefing.

**I.　BACKGROUND**

　　**A.　Factual Background**

In December 2012, United States Citizenship and Immigration Services ("USCIS") approved a petition by Doe I for O-1 nonimmigrant status for January 2013 to January 2016. ECF No. 1 ("Compl."), Ex. 7. On November 24, 2014, Doe I submitted an I-140 Immigrant Petition for Alien Worker, seeking designation as a noncitizen of extraordinary ability. ECF No. 23-1 ("Holtzman Decl.") ¶ 2. On December 4, 2014, USCIS approved that application. *Id.* ¶ 3.[1] In

---

[1] The immigration statuses of Does II-IV are dependent on the immigration status of Doe I. *See* Compl. ¶¶ 27-30.

January 2015, Doe I filed an I-485 application to become a lawful permanent resident. *Id.*, Ex. 2. Over three years later, on February 20, 2018, USCIS sent Doe I a Notice of Intent to Revoke ("NOIR") Doe I's I-140 Petition approval and designation as a noncitizen of extraordinary ability. *Id.* ¶ 5 & Ex. 3. Doe I responded to the NOIR with over 150 pages of new evidence on March 22, 2018. *Id.* ¶ 6. USCIS issued a final revocation of the I-140 petition around June 27, 2018. *Id.* ¶ 10 & Ex. 8. Doe I's I-485 application was denied three years later on June 28, 2021. *Id.* Ex. 9.

While contesting the NOIR for his first I-140 Petition, Doe I filed a second I-140 Petition on April 25, 2018. Holtzman Decl. ¶ 7. USCIS responded on May 31, 2018, with a request for evidence. *Id.* ¶ 8. Doe I submitted additional evidence on August 24, 2018. *Id.* ¶ 9. USCIS denied Doe I's second I-140 Petition on October 2, 2018. *Id.* ¶ 13.

**B.  Procedural History**

Plaintiff filed suit on October 26, 2020. Compl. After Defendants answered, Plaintiff moved to complete the administrative record on February 26, 2021. ECF No. 23. In response, on June 23, 2021, Donald D. Moody, the Section Chief of USCIS's Nebraska Service Center (where Doe I's application and petitions were processed), submitted a declaration to this Court certifying to the best of his knowledge and belief that the administrative record constitutes "a true, correct, and complete copy of the whole record that was before the adjudicating officer, including all documents considered directly or indirectly, when the adjudicating officer revoked the November 2014 I-140 petition, denied Doe I's I-485 application, and denied the April 2018 I-140 petition." ECF No. 33-1 ("Moody Decl. I") ¶ 16. Moody also certified the completeness of the administrative records for Does II-IV. *Id.* ¶ 16.

On August 4, 2021, the Court granted Plaintiff's motion. ECF No. 41. The Court found that the Plaintiffs had rebutted the presumption of administrative regularity because they identified a complete absence of documentary explanation for the three-year delay in adjudicating Doe I's I-485 application. *Id.* at 3-6. Relying on *Chaparro v. Navarro*, ---F. Supp. 3d ----, 2020 WL 1557425 (N.D. Cal. Apr. 1, 2020), the Court found that Plaintiffs established that it was reasonable and non-speculative for Plaintiffs to believe that there are documents in the record that would explain the why Defendants reversed their earlier decision to grant Doe I's I-140 Petition.

2

1  *Id.* at 5.  The Court warned Defendants that if they could not complete the administrative record

2  with such documents, that they may be required to submit to a deposition.  *Id.* at 6-7.

3        Defendants filed a notice of completion of the administrative record on September 30,

4  2021.  ECF No. 54.  Plaintiffs again sought relief from this Court by objecting to the completeness

5  of the record.  *See* Obj.  Defendants responded on October 26, 2021.  *See* Opp.

6  **II.**   **LEGAL STANDARD**

7        "Generally, judicial review of agency action is limited to review of the record on which the

8  administrative decision was based."  *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th

9  Cir. 1989).  "Courts, however, may grant a motion to complete the administrative record where the

10  agency has not submitted the 'whole' record."  *Sharks Sports & Ent. LLC v. Fed. Transit Admin.*,

11  2020 WL 511998, at *1 (N.D. Cal. Jan. 31, 2020) (citing 5 U.S.C. § 706 ("the court shall review

12  the whole record or those parts of it cited by a party")).  The "whole" record "consists of all

13  documents and materials directly or *indirectly* considered by agency decision-makers and includes

14  evidence contrary to the agency's position."  *Thompson*, 885 F.2d at 555 (citation omitted)

15  (emphasis in original); *see also Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402,

16  420 (1971) (holding that courts must review "the full administrative record that was before the

17  [agency] at the time [it] made [the] decision").  "An agency may not exclude information it

18  considered on the grounds that it did not rely on that information."  *Sharks Sports*, 2020 WL

19  511998, at *1 (citing *People ex rel. Lockyer v. U.S. Dep't of Ag.*, 2006 WL708914, at *2 (N.D.

20  Cal. Mar. 16, 2006)).  "An agency's designation and certification of the administrative record is

21  treated like other established administrative procedures, and thus entitled to a presumption of

22  administrative regularity."  *McCrary v. Gutierrez*, 495 F. Supp. 2d 1038, 1041 (N.D. Cal. 2007)

23  (citations omitted).  Plaintiffs must present clear evidence to the contrary to rebut this

24  presumption.  *Id.* (citations omitted).  Plaintiffs need not show bad faith or improper motive to

25  rebut the presumption of completeness.  *Sharks Sports*, 2020 WL 511998, at *1 (citing *Lockyer*,

26  2006 WL 708914, at *2).

27        To meet the clear evidence standard, a plaintiff must (1) "identify reasonable, non-

28  speculative grounds for the belief that the documents were considered by the agency and not

included in the record," and (2) "identify the materials allegedly omitted from the record with sufficient specificity, as opposed to merely proffering broad categories of documents and data that are 'likely' to exist as a result of other documents that are included in the administrative record[.]" *Gill v. Dep't of Just.*, No. 14-CV-03120-RS (KAW), 2015 WL 9258075, at *5 (N.D. Cal. Dec. 18, 2015) (quoting *Winnemem Wintu Tribe v. U.S. Forest Service*, No. 2:09-CV-01072-KJM-KJN, 2014 WL 3689699, at * 10 (E.D. Cal. July 24, 2014) (citation omitted)).

### III.   DISCUSSION

To establish that the administrative record is incomplete, Plaintiffs must rebut the presumption of administrative regularity with "clear evidence." *McCrary*, 495 F. Supp. 2d at 1041.  They have not done so.

Plaintiffs argue that the administrative record is incomplete because Defendants applied the incorrect standard to determine the scope of the record.  Obj. at 4-5.  Plaintiff argues that Defendants only included documents "considered by the adjudicating officer" rather than documents before the deciding agency.  *Id.*  They say this improperly cabins the record to exclude, for example, documents related to the involvement of Immigration and Customs Enforcement in Plaintiffs' cases.  Defendants argue that Plaintiffs are incorrect and that the proper scope of the record includes only documents directly or indirectly considered by agency decisionmakers.  Opp. at 4-5.

The Court agrees with Defendants that Plaintiffs seek to impermissibly expand the administrative record.  The administrative record "consists of all documents and materials directly or indirectly considered by *agency decision-makers*." *Thompson*, 885 F.2d at 555 (emphasis added).  Here, the agency decision-makers are at USCIS.  It was USCIS that approved Doe I's O-1 Petition and initial I-140 Petition, issued a NOIR his I-140 Petition, revoked the I-140 Petition, denied his second I-140 Petition, and denied his I-485 application.  As Section Chief Moody avers in his declaration, the record contains "all of the documents considered directly or indirectly" by the agency decision-makers who made those decisions, and the additional documents ordered to be included by the Court to explain the reason for the three-year delay.  Moody Decl. ¶ 6.

Plaintiffs argue that this distinction impermissibly allows Defendants to identify key

reasons for their decision to revoke Doe I's I-140 Petition—the involvement of ICE and the allegations of "fraud and ineligibility"—while also excluding documents relevant to that involvement. Not so. This dispute concerns the decision made by USCIS to revoke Doe I's petitions and deny his application to adjust his status, not ICE's reasons for asking USCIS to hold Doe I's application to adjust his status in abeyance. Plaintiffs cannot through this action challenge a downstream agency's reasoning for a decision that was separate from the adjudicating agency's decision that is at issue. The administrative record now reveals the reasons for USCIS's three-year delay in adjudicating Doe I's petitions—the abeyance requests from ICE and discovery of "potential fraud and ineligibility"—such that Plaintiffs can challenge the actual agency actions that are disputed in this case: the revocations and denials of I-140s and I-485s. Plaintiffs are free to argue on the merits that those decisions were arbitrary and capricious—and that the reasons for the delay are further evidence of that—but they are not entitled documents in front of a different agency underlying decisions made by that different agency.

Plaintiffs separately raise the issue of whether certain redactions in the administrative record are appropriate. Obj. at 6. In particular, Plaintiffs highlight an email chain in which an immigration officer requests a reevaluation of Doe I's eligibility "given the information provided above." ECF No. 56-2 at 4. The substance of "the information provided above" is redacted pursuant to a claim of law enforcement and deliberative process privilege. *Id.* Plaintiffs argue that this demonstrates that the record is incomplete. Obj. at 6. But this is not an issue with the scope of the record. Whether redactions in the *existing* administrative record are proper is an issue separate from whether the scope of the record is proper. Plaintiffs and Defendants have each reserved their rights regarding any challenges to privilege designations in the existing record. *See* Obj. at 2 n.1; Opp. at 10 n.1. This ruling does not preclude Plaintiffs from raising challenges to redactions present in the administrative record. If Plaintiffs wish to raise such challenges, they would be referred to Magistrate Judge van Keulen.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiffs' objection to the completeness of the administrative record is OVERRULED. Within 14 days, the Parties SHALL

file a stipulated schedule for summary judgment briefing for this Court's approval.

Dated: November 2, 2021

_____
BETH LABSON FREEMAN
United States District Judge